## Matter of David M. COX.

Supreme Judicial Court of Maine.

Argued June 22, 1994.
Decided May 22, 1995.

Merle W. Loper (orally), Executive Secretary and Counsel to the Committee, Portland, for Committee on Judicial Responsibility & Disability.

Charles W. Cox (orally), Jude & Cox, Newport, for respondent.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

## PER CURIAM.

This is an original proceeding commenced in the Supreme Judicial Court by the filing of a report by the Committee on Judicial Responsibility and Disability.[1] The report alleges that, pursuant to a jury verdict, a final judgment entered in the Superior Court (Hancock County, *Alexander, J.*) determined that respondent, David M. Cox, while a judge of the Maine District Court engaged in conduct that constituted fraud. Cox was found individually liable for punitive damages in the amount of $75,000, and jointly and severally liable for compensatory damages in the amount of $250,000. *See Ferrell v. Cox,* 617 A.2d 1003 (Me.1992) (affirming judgment of Superior Court).

In response to two complaints received while Cox was still an active judge, the Committee began to consider whether his conduct violated the Code of Judicial Conduct. In December 1990 the Committee voted to refer the matter to Cox for his response. In January 1991, before Cox answered the Committee's inquiry, he applied for disability retirement as a judge. The application was approved in March 1991. Cox thereafter retired as a judge and returned to the private practice of law.

■ Disciplinary considerations were stayed pending Cox's appeal of Ferrell's civil judgment for fraud. Thereafter, following a March 1993 hearing, the Committee determined that Cox's conduct constituted violations of Canons 1 and 2A of the Code of Judicial Conduct and referred the matter to us.[2] Because he is no longer a judge, Cox contends this proceeding is moot. We disagree.

Cox concedes that his violations were sufficiently serious to warrant formal disciplinary action were he still on the bench. He does not dispute our inherent authority to impose a variety of sanctions on judges as disciplinary measures, such as censure, forfeiture of salary, and suspension of duties. *See, e.g., Matter of Benoit,* 523 A.2d 1381, 1384-85 (Me.1987) (censure, suspension, forfeiture of $1,000, required course in judicial ethics); *Matter of Kellam,* 503 A.2d 1308, 1312 (Me. 1986) (censure, suspension, forfeiture of $3,500); *Matter of Benoit,* 487 A.2d 1158, 1174-75 (Me.1985) (censure, suspension, forfeiture of $1,000); *Ross,* 428 A.2d at 868 (suspension). He argues, however, that his retirement from judicial service has caused this proceeding to lose its "controversial vitality." *State v. Gleason,* 404 A.2d 573, 578 (Me.1979).

That Cox is now retired does not render the imposition of sanctions either meaningless or extrajudicial. Neither the rationale of sanctions nor our authority to impose them is defeated because Cox's judicial tenure has ended. Sanctions not only "deter the individual judge from future misconduct" but "discourage others from engaging in similar conduct." *Kellam,* 503 A.2d at 1312. We "design sanctions to restore and reaffirm public confidence in the administration of justice, and to announce publicly our recognition and condemnation of judicial miscon-

---

1. The Committee, established in 1978 by an order of the Supreme Judicial Court, functions as an investigative agency similar to a grand jury in criminal proceedings. Its report is a charging document. *Matter of Ross,* 428 A.2d 858, 859 n. 1, 860 (Me.1981).

2. The following provisions of the Code of Judicial Conduct were in effect at the time of the offending conduct:

Canon 1
A Judge Should Uphold the Integrity and Independence of the Judiciary
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

Canon 2
A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities
A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary....

duct." *Id.* Our authority to discipline Cox was acquired when he qualified for his judicial position and continues after his retirement for any conduct that occurred while he was a judge. Cox's motion to dismiss this proceeding as moot is therefore denied.

In light of Cox's avaricious and dishonest conduct, *see Ferrell,* 617 A.2d at 1004–05, a mere fine or public condemnation cannot adequately express our grave disapproval and will do little to restore the public's confidence in the judiciary. Instead, we conclude that the restoration of public confidence will be better served by his disbarment from the practice of law.

On full consideration of the premises, it is adjudged that David M. Cox, while a judge, violated Canons 1 and 2A of the Code of Judicial Conduct. Accordingly, it is ORDERED that he be, and he hereby is, disbarred from the practice of law in the State of Maine, effective July 1, 1995, and that he may not petition for reinstatement until after one year from that date.

All concurring.